**Bob Fain**
**Attorney at Law**
**P.O. Box 80886**
**Billings, Montana 59108-0886**
**(406) 254-2967**

**Michael Cotter**
**Attorney at Law**
**P.O. Box 3425**
**Great Falls, Montana 59403-3425**
**(406) 761-8891**

**Counsel for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | | |
|---|---|---|
| **GREGORY WILKINSON,** | ) | Cause No. CV 07-105-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **MONTANA RAIL LINK, INC.,** | ) | **COMPLAINT AND** |
| a Montana Corporation | ) | **REQUEST FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    **COMES NOW** the Plaintiff, Gregory Wilkinson by and through his attorneys, Bob Fain of Billings, Montana and Michael Cotter of Great Falls, Montana, and for his complaint against Defendant, Montana Rail Link, Inc., a Montana corporation (hereinafter sometimes referred to as MRL) states:

**GENERAL ALLEGATIONS COMMON TO PLAINTIFF'S CLAIMS**

1. That at all times, Defendant was and is now a duly organized and existing Montana corporation doing business in the state of Montana and other states with its principle place of business in Missoula County. The Defendant, was at all times and now is engaged in the business of a common carrier by railroad in interstate commerce in the state of Montana and other states.

2. At all times, Defendant was a common carrier by railroad engaged in interstate commerce and Plaintiff was employed by Defendant and that part of the Plaintiff's duties as an employee were in the furtherance of or directly, or closely and substantially affected interstate commerce.

3. The injuries sustained by Plaintiff hereinafter complained of arose in the course of and while the Plaintiff was employed by the Defendant.

4. This action is brought under and by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C. §51, e*t seq.* and associated statutes, rules, and regulations. This Court has jurisdiction and venue is proper.

**<u>FIRST CLAIM FOR RELIEF (August 22, 2004)</u>**

5. August 22, 2004, at approximately 1 p.m., Plaintiff was employed by Defendant, MRL as an engineer at or about the east switch at or near Toston, Montana and working in the second engine of 3 or 4 engine consist. The lead unit was a Burlington Northern Santa Fe. The 2nd locomotive was a Canadian National unit, and the remainder were BNSF units, one of which was an SD 40. On inspection the CN unit amp gauge showed that it was loading and unloading causing it to interfere with safe and proper train operations. Plaintiff noticed the

problem near Townsend and called CN locomotive repair hotline in Edmonton for the diesel doctor. He was told by the diesel doctor that there was nothing that could be done before the unit came back to the CN for repairs and to continue on the way. After stopping in Toston for a red signal, MRL dispatch gave Plaintiff's train a green signal. Plaintiff proceeded back to the second unit to observe what happened when the locomotives were loaded as the train proceeded to leave the east switch at Toston. As Plaintiff watched the amp gauge of the second locomotive the train jerked violently, the train dumping its air and then breaking in two. Not only had the train broken in two, further inspection revealed the train had broken apart in 3 separate places and an airbrake hose had become un-joined.

6. At said time and place, acting in the course and scope of his employment, Plaintiff was performing his duties as an engineer and was in the process of operating a train and locomotive engine consist which was in use on Defendant's railroad line.

**(A)     Count One of Plaintiff's First Claim for Relief-Safe Place to Work**

7. Plaintiff incorporates by reference paragraphs 1-6 hereof.

8. The Defendant, MRL and its agents, servants and employees other than Plaintiff, had the duty to provide the Plaintiff with a safe place to work; the Defendant MRL had the duty to provide safe tools, equipment and machinery, and railroad cars and locomotives, including the air and train brake and brake mechanisms, for Plaintiff and similarly situated employees to use in performing the work assigned them; the Defendant MRL had the duty to inspect, maintain and repair the equipment, machinery and locomotives, including the air and train brakes and air brake mechanisms and to warn employees if the equipment was not operating efficiently; the Defendant MRL had the duty to provide safe tools, equipment and machinery, and railroad cars, including

safe trackage and road crossing for use in performing the work assigned Plaintiff and similarly situated employees; the Defendant MRL had the duty to inspect, maintain and repair its trackage and road crossings to warn employees if such premises were not in proper condition; the Defendant, MRL had the duty to institute, oversee and carry out safe procedures and methods of work for Plaintiff and similarly situated employees to perform the work of their required duties; the Defendant, MRL had the duty to comply with the regulations promulgated by the Federal Railroad Administration as set forth at 49 CFR, Part 200, *et seq.*; the Defendant, MRL acting through its agents, servants and employees other than Plaintiff, negligently and carelessly failed to perform the aforesaid duties and further failed to comply with the aforesaid regulations in that the train and airbrake mechanisms of Plaintiff's train failed to operate efficiently and properly and, as a result of thereof Plaintiff's train went into emergency, which acts and omissions by the Defendant were a cause, in whole or in part, of injuries and damages to Plaintiff as hereinafter enumerated.

9. Plaintiff was injured during the re-assembly of the train and by reason of the facts herein above set forth and as a result thereof, Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally and received the following personal injuries, to wit: severe injuries including but not limited to his lower back and lower extremity as well as, exacerbation of pre-existing conditions, and other injuries not presently diagnosed, pain and suffering as a result of the injuries; past and future. Plaintiff's injuries have caused and will in the future cause the Plaintiff loss of full enjoyment of life.

10. Plaintiff incurred indebtedness for the services of duly licensed physicians and surgeons and for medicines, x-rays, and other medical costs as a result of his injuries. Plaintiff is

informed and believes that he will require further medical care and treatment as a result of said injuries.

11.   By reason of the facts herein above set forth and as a direct result thereof, Plaintiff has sustained loss of wages, all to his damage.

12.   By reason of the facts herein above stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power, to his damage.

13.   By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained general and special damages.

**(B.)   Count Two of Plaintiff's First Claim for Relief-Locomotive Inspection Act**

14.   Plaintiff incorporates herein paragraphs 1-13 hereof.

15.   At the time of the events complained of, the Canadian National locomotive was not in proper condition in all of its parts and appurtenances including, but not limited to, its braking, electrical, and internal combustion systems and as a result thereof was not safe to operate without unnecessary danger of personal injury.

16.   At all times material to this count said Canadian National locomotive was in use upon the Defendant's line.

17.   As a result of the Defendant's violation of the Locomotive Inspection Act, formerly 45 U.S.C. Sections 22-34, recodified as 49 U.S.C. Sections 20701 et seq, and the rules and regulation promulgated thereunder more particularly 49 C.F.R. Section 229.1-229.131, the Plaintiff was injured.

**(C.)   Count Three of Plaintiff's First Claim for Relief-Safety Appliance Act**

18.   Plaintiff incorporates herein Paragraphs 1-17 hereof.

19. At the time of the events complained of, the railroad cars and associated air-brake system and brake mechanisms of the Defendant's train were inefficient and were defective in that one or more of the air hoses on said train had separated at such time and place, thereby rendering it inefficient and defective.

20. The defects complained of in Paragraphs 19-20 hereof, constitute a violation of the Federal Safety Appliance Act, 49 U.S.C. Section 20301 et. seq.

21. At all times material to this count Defendant's train, railroad cars and associated air-brake system were in use upon the Defendant's line.

### SECOND CLAIM FOR RELIEF (March 15, 2006)

22. Plaintiff incorporates by reference paragraphs 1- 4 hereof.

23. On or about March 15, 2006, at approximately 6 p.m., Plaintiff was employed by Defendant, MRL as an engineer when the cab of his locomotive became engulfed in smoke and acrid chemicals of unknown quality or chemical, experiencing thereby difficulty breathing as a result of such toxic and irritating substances.

**(A.)** *Safe Place to Work Claims-negligence*

24. At such time and place the Defendant railroad owed Plaintiff the duty to properly inspect and maintain the locomotive in good working order and proper and safe condition to operate without placing the Plaintiff and similarly situated co-employees in a position of peril presenting the very real risk of personal injury to Plaintiff and similarly situated employees; the Defendant had the duty to properly inspect locomotives prior to placing the locomotive into service; the Defendant had the duty to properly train its locomotive repair and maintenance

personnel; the Defendant railroad had the duty to properly inspect and lubricate said locomotive including its traction motors; the Defendant failed to perform its non-delegable duties in this regard and as a result thereof oil flowed from an access panel on the power plant running down then upon the traction motors producing thereby a combustible reaction that injured the Plaintiff thereby as a direct result thereof.

### (B.) *Locomotive Inspection Act Violation*

25. At the time of the events complained of the locomotive was not in proper condition in all of its parts and appurtenances including, but not limited to, its electrical generating and oil storage systems and as a result was not safe to operate without unnecessary danger of personal injury.

26. At all times material to this count said locomotive was in use upon the Defendant's line.

27. As a result of the Defendant's violation of the Locomotive Inspection Act, formerly 45 U.S.C. Sections 22-34, recodified as 49 U.S.C. Sections 20701 et seq, and the rules and regulation promulgated thereunder more particularly 49 C.F.R. Section 229.1-229.131, the Plaintiff was injured.

28. As a direct result of the acts and omissions of the Defendant the Plaintiff was injured.

29. By reason of the facts herein above set forth and as a result thereof, Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally and received the following personal injuries, to wit: severe injuries including but not limited to his pulmonary and sinus systems and associated airways and infections as a result thereof which

were painful and interfered with his ability to do his craft and necessitated the healthcare services of Billings, Montana physicians with the occurrence of necessary expenses for healthcare services.

30. Plaintiff incurred indebtedness for the services of duly licensed physicians and surgeons and for medicines, x-rays, and other medical costs as a result of his injuries.

31. By reason of the facts herein above stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power, to his damage.

32. By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained general and special damages.

### THIRD CLAIM FOR RELIEF (May 9, 2006)

33. Plaintiff incorporates by reference paragraphs 1- 4 hereof.

34. On or about May 9, 2006, Plaintiff was employed by Defendant, MRL as an engineer working in the Defendant's Laurel rail yard.

35. At such time and place the Defendant had a non-delegable duty to provide the Plaintiff and similarly situated employees with safe and sufficient seating so as to provide engineers with a safe place from which to work at the control stand, including seats capable of adjustment and operation; that the Defendant railroad had the duty to provide adequate equipment, tools, and appliances with which to work, including locomotive seats; the Railroad had a duty to inspect and repair the equipment and to maintain the equipment in proper repair and to warn and advise as to any unit deficiencies. At the date and time in question the Defendant failed to perform to one or more of the particulars as alleged and Plaintiff was injured as a direct

result thereof in that as on so many days previous the seat on MRL #52, although previously reported, had not been properly repaired and as a result of its defective condition Plaintiff was injured.

36. By reason of the facts herein above set forth and as a result thereof, Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally and received the following personal injuries, to wit: severe injuries including but not limited to his low back and hips, groin, and thigh other injuries not presently diagnosed, pain and suffering as a result of the injuries; past and future. Plaintiff's injuries have caused and will in the future cause the Plaintiff loss of full enjoyment of life.

37. Plaintiff incurred indebtedness for the services of duly licensed physicians and surgeons and for medicines, x-rays, and other medical costs as a result of his injuries. Plaintiff is informed and believes that he will require further medical care and treatment as a result of said injuries.

38. By reason of the facts herein above set forth and as a direct result thereof, as aforesaid, Plaintiff has sustained loss of wages, all to his damage.

39. By reason of the facts herein above stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power, to his damage.

40. By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained general and special damages.

### FOURTH CLAIM FOR RELIEF (May 23, 2006)

41. Plaintiff incorporates by reference paragraphs 1- 4 hereof.

42. On or about May 23, 2006, at approximately 4 p.m., Plaintiff was employed by

Defendant, MRL as an engineer assigned to work on MRL switch engine #51 in Laurel, Montana.

43.     At such time and place the Defendant had a non-delegable duty to provide the Plaintiff and similarly situated employees with safe and sufficient seating so as to provide engineers with a safe place from which to work at the control stand, including seats capable of adjustment and operation; that the Defendant railroad had the duty to provide adequate equipment, tools, and appliances with which to work, including locomotive seats; the Railroad had a duty to inspect and repair said equipment and to maintain said equipment in proper repair and to warn and advise as to any unit deficiencies.  At the date and time in question the Defendant failed to perform one or more of its duties in that the seat on MRL switch engine # 51 was in defective and improper condition.

44.     As a direct result of the acts and omissions of the Defendant, the Plaintiff was injured.

45.     By reason of the facts herein above set forth and as a result thereof, Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally and received the following personal injuries, to wit: severe injuries including but not limited to his shoulder, neck, arm and other injuries not presently diagnosed, and pain and suffering as a result of the injuries; past and future.  Plaintiff's injuries have caused and will in the future cause the Plaintiff loss of full enjoyment of life.

46.     Plaintiff incurred indebtedness for the services of duly licensed physicians for medicines, x-rays, and other medical costs as a result of his injuries.  Plaintiff is informed and believes that he will require further medical care and treatment as a result of said injuries.

47. By reason of the facts herein above set forth and as a direct result thereof, as aforesaid, Plaintiff has sustained loss of wages, all to his damage.

48. By reason of the facts herein above stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power, to his damage.

49. By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained general and special damages.

### FIFTH CLAIM FOR RELIEF (October 29, 2006)

50. Plaintiff incorporates by reference paragraphs 1- 4 hereof.

51. On or about October 29, 2006, at approximately 4 a.m., Plaintiff was employed by Defendant, MRL as an engineer in road service of the Defendant assigned to take a train from Laurel, Montana to Helena, Montana.

52. After boarding the train Plaintiff proceeded into the nose of the locomotive to inspect the facilities.

53. As the Plaintiff proceeded into the unlit area he was caused to fall by two water bottles left obscured on the first step of the stairway by the previous train crew that had transported the train toward and/or to Laurel Montana.

### (A.) *PLAINTIFF'S NEGLIGENCE CLAIMS*

54. At such time and place the Defendant had the duty to promulgate and enforce safety rules requiring the other railroads to inspect or cause to be inspected the nose area of each locomotive delivered to the Defendant; the Defendant had the duty to promulgate and enforce safety rules requiring every railroad delivering trains to the Defendant to inspect and police the work areas in any locomotive prior to turning over the train to the crews of the Defendant; that

the Defendant had the duty to institute and adopt, or cause to be adopted, safety rules and procedures requiring train crews to police the cab of locomotives to which they were assigned prior to exiting the locomotive; that the Defendant had the duty to provide adequate tools and appliances with which to work including but not limited to trash disposal facilities in order to prevent the accumulation of debris on the stairs and walkways of those locomotives in use on its lines; and at the time of the events made the basis of Plaintiff's claims the Defendant failed in one or more of the particulars alleged and Plaintiff was injured as a result thereof.

### (B.) *PLAINTIFF'S CLAIMS FOR VIOLATION OF THE LOCOMOTIVE INSPECTION ACT*

55. At the time of the events complained of the locomotive was not in proper condition in all of its parts and appurtenances in that litter, the water bottles, had been allowed to accumulate obscured on the first step of the stairway leading into the unlit nose of the locomotive and as a result thereof said locomotive was not safe to operate without unnecessary danger and risk of personal injury to Plaintiff and similarly situated MRL employees.

56. At all times material to this claim said locomotive was in use upon the Defendant's line.

57. As a result of the Defendant's violation of the Locomotive Inspection Act, formerly 45 U.S.C. Sections 22-34, , recodified as 49 U.S.C. Sections 20701 et seq, and the rules and regulation promulgated thereunder more particularly 49 C.F.R. Section 229.1-229.131, the Plaintiff was injured.

58. By reason of the facts herein above set forth and as a result thereof, Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally and received

the following personal injuries, to wit: severe injuries including but not limited to his right knee and groin area and other injuries not presently diagnosed, pain and suffering as a result of the injuries; past and future. Plaintiff's injuries have caused and will in the future cause the Plaintiff loss of full enjoyment of life.

59.     Plaintiff incurred indebtedness for the services of duly licensed physicians and surgeons and for medicines, x-rays, and other medical costs as a result of his injuries. Plaintiff is informed and believes that he will require further medical care and treatment as a result of said injuries.

60.     By reason of the facts herein above set forth and as a direct result thereof, as aforesaid, Plaintiff has sustained loss of wages, all to his damage.

61.     By reason of the facts herein above stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power, to his damage.

62.     By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained general and special damages.

## SIXTH CLAIM FOR RELIEF (December 4, 2006)

63.     Plaintiff incorporates by reference paragraphs 1- 4 hereof.

64.     On or about December 4, 2006, at approximately 5 p.m., Plaintiff was employed by Defendant, MRL as an engineer assigned to bring a train from Helena, Montana to Laurel, Montana. At such time and place the Defendant's previous train crew had stopped the train in Helena for a crew change blocking several major roads in the Helena in violation of the rules of the Federal Railway Administration, the State of Montana, and the City of Helena, creating thereby an emergency necessitating the immediate movement and departure of the train

from its location blocking the major roads in the city of Helena.

  65. At such time and place the Defendant was hosting a Christmas party at its yard office in Helena, Montana.

  66. At such time and place the Plaintiff was assigned the task as engineer to move the train from its unlawful position and take it to Laurel, Montana.

  67. At such time and place the Defendant had the duty to promulgate, implement and enforce safety rules requiring that trains not be left blocking intersections during crew changes; at such time and place the Defendant had the duty to adopt a manner of work and work procedures that would prevent the changing of crews while trains blocked the major thoroughfares and travelways of Montana's cities and towns; the Defendant had the duty to dispatch and control train movements so that sufficient time was allowed for crew changes at loctaion other than those whereby a train would block the major community travel and roadways of Montana's cities and towns; and, at the time of the events made the basis of Plaintiff's claims the Defendant failed in one or more of the particulars alleged and Plaintiff was injured when boarding the train in an effort to assist his employer in moving the train promptly from its unlawful location, Plaintiff's backpack became entangled in the narrow ladder-way used to mount the lead locomotive of the engine consist and as a result there of Plaintiff injured his groin and back and aggravated pre-existing conditions.

  68. By reason of the facts herein above set forth and as a result thereof, Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally and received the following personal injuries, to wit: severe injuries including but not limited to his groin area, lower back, lower extremity and other injuries not presently diagnosed, pain and suffering as a

result of the injuries; past and future. Plaintiff's injuries have caused and will in the future cause the Plaintiff loss of full enjoyment of life.

69. Plaintiff incurred indebtedness for the services of duly licensed physicians and surgeons and for medicines, x-rays, and other medical costs as a result of his injuries. Plaintiff is informed and believes that he will require further medical care and treatment as a result of said injuries.

70. By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained loss of wages, all to his damage.

71. By reason of the facts herein above stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power, to his damage.

72. By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained general and special damages.

## SEVENTH CLAIM FOR RELIEF

(Repetitive Trauma)

73. Plaintiff incorporates by reference paragraphs 1-74 hereof.

74. At all times material hereto the Plaintiff was in the employ of the Defendant and suffered the injuries referenced herein while in the course and scope of his employment.

75. At all times material hereto the Defendant permitted and encouraged the work practice of mounting and dismounting moving equipment, and engaged in other unsafe work practices posing a risk of deterioration over time of the physical condition of its employees remaining in its employ .

76. As a result of unsafe work practices, the Plaintiff has experienced injury to

his spine and lower extremities finally necessitating the replacement of his knee at the age of 59 years of age.

77. By reason of the facts herein above set forth and as a result thereof, Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally and received the following personal injuries, to wit: severe injuries including but not limited to his lower back and lower extremity and other injuries not presently diagnosed, pain and suffering as a result of the injuries; past and future.  Plaintiff's injuries have caused and will in the future cause the Plaintiff loss of full enjoyment of life.

78. Plaintiff incurred indebtedness for the services of duly licensed physicians and surgeons and for medicines, x-rays, and other medical costs as a result of his injuries.  Plaintiff is informed and believes that he will require further medical care and treatment as a result of said injuries.

79. By reason of the facts herein above set forth and as a direct result thereof, as aforesaid, Plaintiff has sustained loss of wages, all to his damage.

80. By reason of the facts herein above stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power, to his damage.

81. By reason of the facts herein above set forth, and as a direct result thereof, as aforesaid, Plaintiff has sustained general and special damages.

**WHEREFORE**, Plaintiff prays judgment against Defendant for general and special damages as may be hereafter ascertained, and for his costs of suit incurred herein, expert witness fees, interest on said damages as allowed by law, and such other relief as this Honorable Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff demands a jury trial to hear all issued contained herein.

**DATED** this 17th day of August, 2007.

    /s/ Bob Fain
Bob Fain
Attorney at Law


Michael Cotter
MICHAEL COTTER, P.C.

Counsel for Plaintiff